UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| QUEENA M. SNEATLUM,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>Defendant. | NO. C12-715-RSL-JPD<br><br>REPORT AND RECOMMENDATION |

Plaintiff Queena M. Sneatlum appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner"), which denied her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court recommends that the Commissioner's decision be affirmed.

I.   FACTS AND PROCEDURAL HISTORY

At the time of the administrative hearing, Plaintiff was a 27-year-old woman with a GED. Administrative Record ("AR") at 46-47. Her past work experience includes employment as a cashier and administrative aide, though none of her past work constituted substantial gainful activity. AR at 26 (citing AR 155-57, 165-72).

REPORT AND RECOMMENDATION - 1

On November 20, 2009, Plaintiff filed a claim for SSI payments. AR 148-54. Plaintiff asserts that she is disabled due to myasthenia, fibromyalgia, and depression. AR at 166.

The Commissioner denied Plaintiff's claim initially and on reconsideration. AR at 83-86, 88-89. Plaintiff requested a hearing, which took place on February 15, 2011. AR at 38-73. On March 18, 2011, the ALJ issued a decision finding Plaintiff not disabled and denied benefits based on his finding that Plaintiff could perform a specific job existing in significant numbers in the national economy. AR at 24-33. Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council, AR at 1-3, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). On April 24, 2012, Plaintiff timely filed the present action challenging the Commissioner's decision. Dkt. Nos. 1, 3.

## II.   JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III.   STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a

REPORT AND RECOMMENDATION - 2

whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). The Court may find that this occurs when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id.* at 1076-77; *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (noting that erroneously rejected evidence may be credited when all three elements are met).

## IV.    EVALUATING DISABILITY

As the claimant, Ms. Sneatlum bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[1] If she is, disability benefits are denied. If she is not, the Commissioner proceeds to step two. At step two, the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities. If the claimant does not have such impairments, she is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether she can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is

---

[1] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit. 20 C.F.R. § 404.1572.

REPORT AND RECOMMENDATION - 4

true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## V.    DECISION BELOW

On March 18, 2011, the ALJ issued a decision finding the following:

1. The claimant has not engaged in substantial gainful activity since October 27, 2009, the application date.

2. The claimant has the following severe impairments: Myasthenia, fibromyalgia, and depression.

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

4. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. § 416.967(b) except she is able to interact with coworkers and the general public occasionally and she is able to do work requiring only sufficient attention and concentration to understand, remember, and following instructions commensurate with unskilled work.

5. The claimant has no past relevant work.

6. The claimant was born on XXXXX, 1984 and was 25 years old, which is defined as a younger individual age 18-49, on the date the application was filed.[2]

7. The claimant has at least a high school education and is able to communicate in English.

8. Transferability of job skills is not an issue because the claimant does not have past relevant work.

---

[2] The actual date is deleted in accordance with Local Rule CR 5.2, W.D. Washington.

REPORT AND RECOMMENDATION - 5

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

10. The claimant has not been under a disability, as defined in the Social Security Act, since October 27, 2009, the date the application was filed.

AR at 26-33.

## VI.   ISSUES ON APPEAL

The principal issues on appeal are:

1. Whether the ALJ erred in discounting Plaintiff's credibility;

2. Whether the ALJ erred at step two;

3. Whether the ALJ erred at step three;

4. Whether the ALJ erred in rejecting the opinions of consultative examiner Kyl Dinsio, M.D.; and

5. Whether the ALJ erred in not addressing the opinions of Kevin Kolostyak, M.D.

Dkt. No. 14 at 1-2.

## VII.   DISCUSSION

A.   <u>The ALJ Did Not Err in Discounting Plaintiff's Credibility.</u>

The ALJ provided a number of reasons to discount Plaintiff's credibility. First, the ALJ noted several inconsistencies in Plaintiff's testimony. Plaintiff testified at the administrative hearing that she had never driven a car, but acknowledged at other times that her driver's license was suspended and she had been charged with a DUI. The ALJ also noted that though Plaintiff reported significant pain and weakness, she denied any such symptoms to providers at Electrodiagnosis and Rehabilitation Associates of Tacoma ("ERAT"). AR at 29.[3]

---

[3] As acknowledged by the Commissioner, the ALJ's citations to the record are inaccurate. *See* Dkt. 15 at 6 n.1. To the extent that accurate citations could be determined from a review of the record, the Court corrected the ALJ's citations.

REPORT AND RECOMMENDATION - 6

Second, the ALJ noted that Plaintiff did not pursue mental health treatment: she attended an intake appointment but never returned for therapy. *Id.* Third, the ALJ found that Plaintiff's narcotic abuse and drug-seeking behavior undermined her overall credibility. *Id.* Fourth, the ALJ found that Plaintiff lacked the motivation to work — as she reported during her mental-health intake evaluation and as evidenced by her scant work history — as opposed to the ability to work. *Id.*

Plaintiff's briefing implies that her testimony was not actually inconsistent, and she contends that the remaining three reasons are not sufficient to support the ALJ's adverse credibility finding. According to the Plaintiff, the ALJ's adverse credibility finding is erroneous because mentally ill patients should not be penalized for failing to recognize their need for treatment, that Plaintiff's narcotic abuse predated the disability period and it is therefore irrelevant, and that many people of Plaintiff's age do not have an extensive work history. Dkt. 16 at 7-8. But even assuming Plaintiff is correct that her lack of mental-health treatment and sparse work history do not bear on her credibility, the remaining reasons — inconsistent statements and drug-seeking behavior — are sufficient to support the ALJ's adverse credibility determination.

As to the inconsistent statements, Plaintiff does not dispute that she testified untruthfully that she had never driven a car (compare AR at 56 with AR at 410), or that she explicitly reported to ERAT providers on multiple occasions that she did not experience significant pain or weakness despite claiming disability due to, *inter alia*, pain and weakness (compare AR at 166 with AR at 374, 377, 380). Contradictions within a claimant's testimony or between testimony and other evidence of record provide a valid basis to discount his or her credibility. *See Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

REPORT AND RECOMMENDATION - 7

1  Furthermore, Plaintiff's drug-seeking behavior also supports an adverse credibility

2  finding. *See Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001).  Though Plaintiff

3  emphasizes that her drug-seeking behavior is documented only in the time period predating her

4  disability application, her drug-seeking conduct nonetheless undermines the medical

5  complaints she made during that time (which are part of the medical evidence of record)

6  because it is undisputed that she sought medical attention for the purpose of obtaining an

7  opiate prescription. *See, e.g.* AR at 267-70 (documenting Plaintiff's drug-seeking conduct,

8  including attempting to deceive physicians that her house burned down to explain why she

9  needed more narcotic medication, and failing to follow a prescribed course of treatment and

10  demanding narcotics instead).  Furthermore, at least one incident of drug-seeking behavior

11  occurred *after* her application was filed.  AR at 261-62 (December 9, 2009 exam notes

12  recording a physician's refusal to prescribe vicodin and Plaintiff walking "angrily" out of the

13  clinic in the middle of the appointment, stating "this clinic is total bullshit, I'm gonna get a

14  lawyer").[4]  The ALJ did not err in finding that this evidence of deceitful and manipulative

15  drug-seeking conduct undermined Plaintiff's overall credibility.  *See Edlund*, 253 F.3d at 1157.

16  Thus, because at least two of the ALJ's reasons are valid and supported by substantial

17  evidence, the ALJ's adverse credibility finding should be affirmed.  *See Batson v. Comm'r of*

18  *Social Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004).

19  //

20  //

---

[4] Plaintiff attempts to minimize this occurrence, characterizing her behavior as possibly in response to poor treatment in the past when the clinic refused to fill a prescription for Suboxone. Dkt. 14 at 12-13. There is no suggestion in the exam notes themselves that this encounter had anything to do with Suboxone; Plaintiff is described as requesting vicodin specifically and expressing incredulity that the clinic will not provide her with pain medication even though "all her friends that come to this clinic get[] them with no problem." AR at 261.

REPORT AND RECOMMENDATION - 8

B.      Plaintiff Has Not Identified Errors at Steps Two or Three.

At step two, the ALJ found that Plaintiff's severe impairments include myasthenia, fibromyalgia, and depression. AR at 26. At step three, the ALJ found that none of Plaintiff's impairments individually or in combination met or equaled a listed impairment. AR at 27. The ALJ next found that Plaintiff retained the ability to perform light work, with some additional limitations. AR at 28.

Though Plaintiff assigns error to the ALJ's findings at step two, the section of her opening brief dedicated to that error does not identify any particular impairment that should have been included. Later in the opening brief in a footnote, Plaintiff implies that the ALJ should have found an anxiety disorder and a panic disorder to be severe. Dkt. 14 at 17 n.4. The ALJ explained that he acknowledged that Plaintiff could have an anxiety disorder or a panic disorder, but that these impairments were non-severe and that he accommodated her limitations associated with those diagnoses in the RFC. AR at 27. Plaintiff's footnote fails to identify precisely how this finding was in error, or identify precisely which limitations were caused by these impairments and excluded from the RFC assessment, and the Court will not consider such a skeletal argument. *See generally Carmickle v. Commissioner*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address issues not argued with any specificity) (citing *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003) (the court "ordinarily will not consider matters on appeal that are not specifically and distinctly argued in an appellant's opening brief").)

Plaintiff goes on to argue that the ALJ abrogated his duty to develop the record in light of his finding that there is "little objective evidence of [Plaintiff's] physical impairments." Dkt. 14 at 4 (quoting AR at 26). But the ALJ did not find that the record was insufficient to allow evaluation of the evidence, which may have triggered a duty to further develop the

REPORT AND RECOMMENDATION - 9

record; instead, he called attention to the relative dearth of evidence supporting Plaintiff's diagnoses. *See Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) ("An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence."). Moreover, despite the sparse record, the ALJ nonetheless included myasthenia and fibromyalgia as severe impairments at step two, and therefore it is unclear how further developing the record would have any bearing on the ALJ's step-two findings.

Regarding step three, Plaintiff's opening brief does not identify any particular listed impairment that she contends the ALJ should have found met or equaled. Instead, Plaintiff argues that the ALJ should have focused on whether the combination of her impairments together met or equaled a listing. Dkt. 13 at 13-14. But the ALJ *did* explicitly consider Plaintiff's impairments in combination and found that she "does not have an impairment *or combination of impairments* that meets or medical equals one of the listed impairments[.]" AR at 27 (emphasis added). Plaintiff's opening brief does not show why the ALJ's step-three findings are insufficient under *Lester v. Chater*, 81 F.3d 821 (9th Cir. 1995), but instead quotes from that case at length with no accompanying analysis. Dkt. 14 at 13-14. Given that the quoted section of *Lester* indicates the necessity of an evaluation of the paragraph B criteria, and the ALJ in this case evaluated the paragraph B criteria and found Plaintiff had not demonstrated satisfaction of those criteria, the Court concludes that the ALJ's step-three findings are sufficient.

C.     The ALJ Did Not Err in Assessing the Opinions of Dr. Dinsio.

Plaintiff contends that the ALJ erred in assigning no weight to the opinions of Kyl Dinsio, M.D., who performed a psychiatric evaluation of Plaintiff in April 2010. AR at 30-31 (referencing AR at 315-20). The ALJ provided a number of reasons to discount Dr. Dinsio's

REPORT AND RECOMMENDATION - 10

evaluation, including his reliance on Plaintiff's non-credible statements, his failure to review many relevant records[5], and his lack of awareness of Plaintiff's recent drug-seeking behavior. AR at 31.

The Court agrees with Plaintiff that the ALJ should not have discounted Dr. Dinsio's opinions for lack of an adequate records review, given that it is the Commissioner's responsibility to provide all relevant medical records for the review of consultative examiners. *See* 20 C.F.R. § 404.1517. But the ALJ's other two reasons for discounting Dr. Dinsio's opinions remain valid and supported by substantial evidence. Specifically, Dr. Dinsio recorded Plaintiff's self-report in his evaluation notes. *See* AR at 315 (describing Plaintiff's self-reported stress-induced paranoia), 318 (describing Plaintiff's self-reported daily activities). To the extent that Dr. Dinsio relied on Plaintiff's testimony in forming his opinions, his opinions may be discounted because the ALJ properly found Plaintiff to lack credibility. *See Bray v. Comm'r of Social Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009).

Dr. Dinsio's notes also fail to reflect the full scope of Plaintiff's drug addiction. *See* AR at 317. Dr. Dinsio noted that Plaintiff completed a 21-day recovery program in April 2009, and that she maintained "a few months" of sobriety after that, but was apparently not aware that Plaintiff's drug-seeking behavior continued until as recently as December 2009. *See* AR at 261, 317. Plaintiff's lack of candor further undermines the value of Dr. Dinsio's opinions. Accordingly, the ALJ did not err in rejecting Dr. Dinsio's opinions.

D.   <u>The ALJ Did Not Err With Regard to Dr. Kolostyak.</u>

Kevin Kolostyak, M.D., evaluated Plaintiff on October 7, 2010, for the purpose of managing her myasthenia medications during her pregnancy. AR at 430-35. Dr. Kolostyak

---

[5] Dr. Dinsio indicated that he reviewed one Administration form, but not any of Plaintiff's medical records. *See* AR at 315.

REPORT AND RECOMMENDATION - 11

noted that Plaintiff had experienced difficulties managing her myasthenia gravis symptoms and medication during her pregnancy. AR at 431. Dr. Kolostyak provided a number of recommendations, including a switch to prednisone during Plaintiff's pregnancy and a reevaluation of the efficacy of mestinon for her symptoms. AR at 434-35. Though Dr. Kolostyak's one-time evaluation notes are included in the record, the ALJ did not mention them in the written decision.

The ALJ "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (quoting *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984)). According to the Commissioner, Dr. Kolosyak's evaluation notes were not significant or probative because his opinions and recommendations were limited to medication management and do not address Plaintiff's limitations or capabilities. Dkt. 15 at 10-11. Thus, the Commissioner contends that the ALJ was not required to address Dr. Kolostyak's opinions and therefore did not err.

On reply, Plaintiff disputes the Commissioner's characterization of Dr. Kolostyak's opinions, pointing to his motor exam that revealed normal muscle tone (5/5 throughout, reducing to 4/5 with repetition and sustained effort), and "noted fatig[]able ocular conjugacy, levator function, and generalized strength." AR at 432. But beyond their confirmation of Plaintiff's myasthenia diagnosis — which the ALJ acknowledged to be a severe impairment at step two — it is unclear how Dr. Kolostyak's notes would have any bearing on the rest of the disability evaluation process, given that he evaluated Plaintiff for purposes of adjusting her medication and not in order to assess her capability to perform work functions. Because Dr. Kolostyak's notes are not significant or probative as to the ALJ's disability inquiry, the ALJ did not err in omitting discussion of the notes in the written decision.

REPORT AND RECOMMENDATION - 12

VIII.   CONCLUSION

For the foregoing reasons, the Court recommends that this case be AFFIRMED. A proposed order accompanies this Report and Recommendation.

DATED this 4th day of January, 2013.

_____
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 13